CMM:BTK  
F. #2025R00312

FILED  
CLERK  
9/24/2025 3:51 pm  
U.S. DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

MICHAEL FAZIO,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N F O R M A T I O N

Cr. No. _____

(T. 18, U.S.C., §§ 2252(a)(4)(B), 2252(b)(2), 2253(a) and 3551 et seq.; T. 21, U.S.C., 853(p))

THE UNITED STATES ATTORNEY CHARGES:

<u>POSSESSION OF CHILD PORNOGRAPHY</u>

      1.      On or about and between October 16, 2024 and April 30, 2025, both dates being approximate and inclusive, within the Eastern District of New York, the defendant MICHAEL FAZIO did knowingly and intentionally possess matter containing one or more visual depictions, to wit: images in digital files, in and affecting interstate and foreign commerce, and which visual depictions had been mailed, and shipped and transported using a means and facility of interstate and foreign commerce, and which were produced using materials which had been mailed, and so shipped and transported, the production of such visual depictions having involved the use of one or more minors engaging in sexually explicit conduct, and such visual depictions were of such conduct.

      (Title 18, United States Code, Sections 2252(a)(4)(B), 2252(b)(2) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

2. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 2253(a), of: (a) any visual depiction described in Section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of Title 18, United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of such sections; (b) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense(s) of conviction; and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of the offense(s) of conviction or any property traceable to such property, including, but not limited to: (i) a black Desktop Computer, Serial Number X37CBW114090100032; (ii) a Mac Book Pro Computer in a brown case, Serial Number C02DQ29PML86; (iii) a Seagate Hard Drive with cable, Serial Number NT36SKJK; (iv) an Apple iPhone Pro Max, Serial Number F6VQQYGKXF; and (v) an Apple iPhone in a black case, all of which were seized on or about April 30, 2025 from a residence located in Bellmore, New York.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

     e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

   (Title 18, United States Code, Section 2253(a); Title 21, United States Code, Section 853(p))

*By Carolyn Pokorny, Assistant U.S. Attorney*
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK